Affirmed and Memorandum Opinion filed June 14, 2005









Affirmed and Memorandum Opinion filed June 14, 2005.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NOS. 14-04-00111-CR &

      
14-04-00112-CR

_______________

 

RUBEN TRUJILLO, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause Nos. 943,973 &
957,055

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 








Ruben
Trujillo, Jr. appeals his convictions for burglary of a habitation with intent
to commit assault and possession of cocaine on the ground that his trial
counsel=s failure to make the presentence
investigative report part of the record deprived him of an opportunity to determine
and demonstrate error, if any, at the punishment phase and thereby
denied him effective assistance of counsel. 
However, to prevail on a claim of ineffective assistance, appellant must
affirmatively show a reasonable probability (rather than a mere possibility)
that, but for counsel=s errors, the result of the proceeding would have been
different.  Andrews v. State, 159
S.W.3d 98, 102 (Tex. Crim. App. 2005).[1]  Without a showing of: (1) some particular
prejudice that was actually suffered; and (2) a reasonable probability that a
different outcome would have resulted otherwise, appellant=s issue affords no basis for relief
and is overruled.  Accordingly, the
judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed June 14, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           Where,
as here, the record through judgment fails to demonstrate such prejudice, a
further record may be developed in a motion for new trial hearing or a habeas
corpus proceeding.  See Tex. R. App. P. 21.2; Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005); see, e.g., Aldrich v. State, 104 S.W.3d 890, 896 (Tex.
Crim. App. 2003).