Opinion filed December 6, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed December 6,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00175-CR 

                                                     __________

 

                              KEVIN
LAMONT CARLTON, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee 

 



 

                                          On
Appeal from the 42nd District Court

                                                          Taylor
County, Texas

                                                 Trial
Court Cause No. 21,994-A

 



 

                                                                   O
P I N I O N

 

The
jury convicted Kevin Lamont Carlton of possession of cocaine with intent to
deliver.  The trial court assessed his punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice for a term
of thirty-five years in accordance with a plea agreement between appellant and
the State.[1]  Appellant
attacks his conviction in a single issue.  We affirm.

                                                               Background
Facts








Officer
Chris Smith of the Abilene Police Department testified that he monitored an
Abilene apartment over the course of a week based upon a report of a man
selling crack cocaine from the apartment.  He identified appellant as the
target of the investigation.  While Officer Chris Smith was in the process of
obtaining a search warrant for the apartment, Officer Rodney Smith observed
appellant and Shevondelinda Lurry leave the apartment in a vehicle.  At Officer
Chris Smith=s
direction, Officer Rodney Smith followed appellant and Lurry.  Officer Rodney
Smith took appellant and Lurry into custody when Officer Chris Smith advised
him that the search warrant had been signed by a magistrate.

Appellant
and Lurry were transported back to the apartment by several officers.  Officer
Chris Smith testified that appellant and Lurry informed him that they lived in
the apartment.  Officer Chris Smith further testified that appellant and Lurry
provided him with a key to gain entrance to the apartment.  A search of the
apartment revealed pieces of crack cocaine in the seat of a leather recliner in
the living room.  The officers found additional crack cocaine inside a pantry
and inside a dresser drawer.  Officers also found mail addressed to appellant
inside the dresser drawer where the cocaine was located.

Appellant
called Lurry as a witness during his case-in-chief.  She testified that
appellant did not live at the apartment and that the crack cocaine belonged to
her.  She further testified that appellant did not know that she had cocaine in
the apartment.  During his cross-examination of Lurry, the prosecutor asked her
about a recorded phone conversation she had with appellant while he was
incarcerated pending trial.  Lurry stated as follows to appellant during the
conversation: AYou
know, I know I might not be telling the whole truth but, you know, give me the
words I need to say.@ 
Appellant replied as follows to this statement: AI=ve been reading the Bible
and even the Disciples of Christ lied for him.@

                                                    Ineffective
Assistance of Counsel








Appellant
alleges in his issue that his trial counsel rendered ineffective assistance of
counsel.  The Sixth Amendment guarantees the right to reasonably effective
assistance of counsel in a state criminal proceeding. Garcia v. State,
57 S.W.3d 436, 440 (Tex. Crim. App. 2001); see U.S. Const. amend. VI. 
To determine whether appellant=s
trial counsel rendered ineffective assistance, we must first determine whether
appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance, and an appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy. Strickland, 466 U.S. at 689; Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  The second prong
requires a showing that counsel=s
errors were so serious as to deprive the defendant of a fair trial. Strickland,
466 U.S. at 687. Prejudice is demonstrated when the defendant shows Aa reasonable probability
that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.@  Id. at 694. 
Although it is possible that a single egregious error of omission or commission
by appellant=s counsel
constitutes ineffective assistance, counsel=s
actions must be judged by the Atotality
of the representation@
rather than by isolated acts or omissions of trial counsel. Thompson, 9
S.W.3d at 813; see Jackson v. State, 766 S.W.2d 504, 508 (Tex. Crim.
App. 1985).

An
allegation of ineffective assistance must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson,
9 S.W.3d at 814.  Under normal circumstances, the record on direct appeal will
not be sufficient to show that counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s conduct
was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002). Rarely will the record on direct appeal contain sufficient
information to permit a reviewing court to fairly evaluate the merits of such a
serious allegation. Id.  The record on direct appeal is usually
inadequate because it is silent as to trial counsel=s strategy.  








Appellant
bases his ineffective assistance claim on two instances where trial counsel did
not object to testimony elicited at trial.  The first instance involved a
question by the prosecutor to Officer Chris Smith.  The prosecutor asked
Officer Smith if either appellant or Lurry denied ownership of the cocaine
after its discovery.  Officer Smith testified that neither of them denied
owning the cocaine or living in the apartment.  Appellant cites  Doyle v.
Ohio, 426 U.S. 610, 618  (1976), for the proposition that the State is
prohibited from using an accused=s
silence after receiving Miranda[2] warnings
against him at trial.  See Sanchez v. State, 707 S.W.2d 575, 577 (Tex.
Crim. App. 1986).  The second instance also involved a question by the
prosecutor to Officer Chris Smith.  Officer Smith testified in response to the
question that appellant claimed ownership of the cocaine while being Adebriefed@ after the search.

The
record on direct appeal does not reflect trial counsel=s reasoning for not objecting to the testimony
cited by appellant.  If the record on appeal is undeveloped and does not show
the motives behind trial counsel=s
actions, then the defendant cannot be said to have overcome the presumption
that his counsel=s
actions were strategic. Rylander v. State, 101 S.W.3d 107, 110‑11
(Tex. Crim. App. 2003).  Furthermore, even if we were to assume that appellant=s trial counsel=s failure to object to the
testimony fell below an objective standard of reasonableness, appellant must
establish by a reasonable probability that the outcome would have been
different.  We conclude that appellant has not met this burden.  The State=s case against appellant
appeared to be strong.  Officer Chris Smith testified observing appellant
operating out of the apartment for a week.  The officers found one bag of
cocaine in a dresser that only contained men=s
clothing in a drawer that contained mail addressed to appellant.  Furthermore,
the veracity of the testimony that appellant elicited from Lurry is suspect
given the recorded telephone conversations between her and appellant.  In this
regard, appellant entered into a plea agreement with the State as to punishment.
 In exchange for appellant=s
plea of Atrue@ to two prior convictions
alleged for enhancement purposes and his acceptance of a thirty-five-year term
of confinement, the State agreed not to prosecute Lurry for aggravated perjury
regarding the testimony she gave at trial.  Appellant=s issue is overruled.

                                                                This
Court Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

December 6, 2007

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









[1]The plea agreement expressly preserved appellant=s right to appeal his conviction.





[2]Miranda v. Arizona, 384 U.S. 436 (1966).