Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00103-CR 

                                                     __________

 

                                       JIM
ED TALBERT, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

                                                      Palo
Pinto County, Texas

                                                    Trial
Court Cause No. 12836

 



 

                                              M E M O R A N D U M   O P I N I O N

 

Jim
Ed Talbert entered an open plea of Aguilty@ to the third degree felony
offense of possession of methamphetamine.  The trial court convicted him and
assessed his punishment at confinement in the Institutional Division of the
Texas Department of Criminal Justice for a term of ten years.  The trial court
additionally assessed a fine of $2,500.  Appellant challenges his punishment in
a single issue alleging ineffective assistance of counsel.  We affirm.

                                                               Background
Facts








Appellant=s complaint on appeal
focuses on trial counsel=s
purported comments to him  regarding the admissibility of evidence about an
unadjudicated, extraneous offense.  After the jury was empaneled, the trial
court addressed the admissibility of the extraneous offense in considering
appellant=s motion in
limine.  The extraneous offense arose from appellant=s prior arrest for manufacturing a large
amount of a controlled substance.  The State advised the trial court that it
intended to offer evidence of the extraneous offense during the punishment
phase under Tex. Code Crim. Proc. Ann.
art. 37.07 (Vernon Supp. 2007). 
The State further advised the trial court that it had provided notice to
appellant=s trial
counsel of its intent to offer evidence of the extraneous offense.  Appellant
sought to exclude this evidence on the grounds of relevancy and unfair
prejudice.  The trial court denied appellant=s
motion in limine by determining that the evidence was admissible during the
punishment phase subject to the requirements of Article 37.07.[1]

Appellant=s trial counsel
subsequently advised the trial court that appellant wished to enter a guilty
plea to the charged offense and have the jury assess his punishment.  After the
trial court accepted appellant=s
plea, appellant=s
trial counsel advised  the trial court that appellant wanted to address the
court.  Appellant advised the trial court that he wanted to plead guilty and
have the trial court assess his punishment rather than the jury.  Appellant
additionally stated to the trial court that trial counsel advised him that
evidence of the extraneous offense would not be admitted.  Appellant=s trial counsel stated that
his comments relating to the extraneous offense involved his opinion on whether
or not appellant would be indicted for the extraneous offense.  Appellant=s trial counsel
specifically denied telling appellant that evidence of the extraneous offense
would not be admitted at trial.








The
trial court ultimately granted appellant=s
pro se request for the trial court to assess punishment.  The State offered the
testimony of two DPS narcotics officers and a DPS chemist.  Sergeant Michael
Don Stoner offered testimony regarding appellant=s
arrest on January 9, 2005, for the charged offense.  Sergeant John Waight
testified about appellant=s
arrest on August 27, 2004, for the extraneous offense.  Specifically, Sergeant
Waight testified that he and other officers discovered the presence of a
clandestine methamphetamine laboratory inside appellant=s residence.  Appellant called three witnesses
to testify at the punishment hearing, and he also testified on his own behalf.
The punishment hearing concluded with the trial court sentencing appellant.

                                                              Standard
of Review

To
determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App.
1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance; and an appellant must
overcome the presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Strickland, 466 U.S. at 689; Tong
v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).  A[C]ounsel is strongly
presumed to have rendered adequate assistance and made all significant
decisions in the exercise of reasonable professional judgment.@  Strickland, 466
U.S. at 690.  An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.  Thompson, 9 S.W.3d at 814.  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s conduct
was reasonable and professional.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  Rarely will the record on direct appeal contain
sufficient information to permit a reviewing court to fairly evaluate the
merits of such a serious allegation.  Id.

                                                                        Analysis

As
noted above, an allegation of ineffective assistance must be firmly founded in
the record.  Thompson, 9 S.W.3d at 814.  The record does not
affirmatively demonstrate the alleged ineffectiveness asserted by appellant
because trial counsel denied telling him that evidence of the extraneous
offense would not be admitted.  Therefore, appellant has failed to meet the
first prong of the Strickland test because the record does not
affirmatively establish that trial counsel=s
representation fell below an objective standard of reasonableness.








Additionally,
appellant has not met the second prong of the Strickland test because
the record does not demonstrate a reasonable probability that the outcome of
the proceeding would have been different without trial counsel=s alleged ineffectiveness. 
The record does not establish that appellant would have received a lesser
sentence if the evidence of the extraneous offense had not been admitted.  In
this regard, the trial court commented on appellant=s status as a former peace officer as a
significant basis for the sentence that it imposed.  Furthermore, appellant is
not seeking to withdraw his plea of guilty based upon trial counsel=s alleged ineffectiveness. 
Instead, appellant is seeking a new punishment hearing before another judge. 
Assuming the evidence of the extraneous offense satisfied the requirements of
Article 37.07 in a new punishment hearing, the evidence would be admissible
irrespective of trial counsel=s
purported statements that it would not be admissible.  Appellant=s sole issue on appeal is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

July 31, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Article 37.07, section 3(a)(1) provides in relevant
part as follows:

 

Regardless of the plea and whether the punishment be assessed by the
judge or the jury, evidence may be offered by the state and the defendant as to
any matter the court deems relevant to sentencing, including but not limited to
the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the offense
for which he is being tried, and, notwithstanding Rules 404 and 405, Texas
Rules of Evidence, any other evidence of an extraneous crime or bad act that is
shown beyond a reasonable doubt by evidence to have been committed by the
defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime
or act.