**Opinion filed February 19, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00162-CR

———————

## EX PARTE ROBERT C. MORRIS

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 11530**

### M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to TEX. R. APP. P. 31. In 2001, Robert C. Morris was convicted, upon his plea of guilty, of possession of child pornography. The trial court assessed his punishment at confinement for ten years and a $2,500 fine. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the sentence and placed appellant on community supervision for ten years. In 2007, appellant filed an application for writ of habeas corpus under TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005) on the grounds that he was denied effective assistance of trial counsel, that the search of his residence and the subsequent seizure of evidence was illegal, that he did not voluntarily consent to the search, and that both his written statement and his guilty plea were involuntarily entered. The trial court denied the application. We affirm.

The State raises jurisdictional concerns in its brief. Article 11.072, section 8 provides that, if "the application is denied in whole or in part, the applicant may appeal under [TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006)] and Rule 31." In its order, the trial court stated that, after having "considered the evidence," it found that the application "should be . . . denied." Pursuant to Article 11.072, section 8 and Rule 31, the jurisdiction of this court has been invoked. We note that the cases cited by the State involved applications filed under statutory provisions other than Article 11.072.

Pursuant to Rules 31.1 and 31.2, this appeal will be determined upon the law and the record before this court. The sole purpose is to do justice to the parties, and any incidental questions will not be considered. Rule 31.2.

In order to take advantage of the relief offered under Article 11.072, the applicant must currently be on community supervision and must not be able to obtain relief as the result of a direct appeal under Article 44.02. To the extent that appellant is challenging issues that he could have raised in a direct appeal from his 2001 conviction, his contentions are dismissed for want of jurisdiction. The record before us is unclear whether appellant would have been able to have complied with the requirements of perfecting a direct appeal under former TEX. R. APP. P. 25.2(b)(3). Therefore, we will address the issues that he could not have been able to raise in a direct appeal from a plea bargain agreement situation.

Appellant complains on appeal that his retained counsel was ineffective for failing to file pretrial motions to suppress the evidence seized from his computer because the search was conduct without his consent, without a warrant, and without any valid exigent circumstances. He also sought to suppress his statement. Appellant also contends that his trial counsel was ineffective because counsel failed to convey "all possible avenues of defense" and instead provided "misinformation and erroneous advice" that resulted in his involuntary plea of guilty. Appellant acknowledges that the trial court properly admonished him at the plea hearing.

In order to prevail in his arguments that he was denied effective assistance of counsel, appellant must show that trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S.

2

668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). Texas law requires the appellate court to indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

The record before us does not support appellant's contentions that his trial counsel's representation fell below an objective standard of reasonableness, that the trial court abused its discretion by denying his application for writ of habeas corpus, or that his constitutional and statutory protections were violated. Trial counsel filed an affidavit in response to appellant's application in which counsel stated that, at all times, appellant:

> [I]ndicated to me that he had voluntarily cooperated with the Mineral Wells Police Department in their investigation. He repeatedly stated that he wanted to help the Police Department eradicate child pornography. He stated that he had repeatedly told the lead investigator that he was willing to cooperate and help the Police Department in any way possible.
>
> In the course of my representation I interviewed Detective Mike McAllester, and Detective Johnny Guiterrez regarding the search and the evidence seized. Detective McAllester told me that, after requesting him to do so, Applicant went to the Police Department to open his computer to allow access to the images. During this informal discovery process, I examined the search warrant and the attendant documents, the consent to search form, the waiver of right statement, and the written statement given to Detective McAllester by Applicant. I also examined the evidence of child pornography, which included still photographs, and computer images, which was seized from Applicant's residence and his computer. I obtained copies of the formal documents, but, of course, not of the evidence itself.
>
> In my opinion, the evidence supported the crime charged. I felt very strongly that a jury would be horrified and incensed about the images to be presented at a trial and would react accordingly with their verdict.
>
> In my interviews with Applicant, he reiterated the point that he did not pay for any of the materials, but that he found them on the internet and downloaded them. At no time did he raise any points regarding any coercion, threats, displaying weapons, or such similar conduct by the Mineral Wells Police Department as raised in the Application for Writ of Habeas Corpus. At all times Applicant expressly told me that his actions were voluntary. He repeatedly stated that he gave his confession

3

and his assistance to the Mineral Wells Police Department because he wanted to help them in the elimination of child pornography.

> His stated goal to me was to not go to prison and to resolve this matter as quickly and efficiently as possible. In that regards I initiated conversations with the District Attorney who eventually offered me a plea bargain offer which consisted of a probation term and a fine.

> I communicated the plea bargain offer to Applicant and explained to him in detail the aspects of the case and the status of Texas law. I also explained to him that in my opinion there was sufficient evidence for a jury to find him guilty of the offense of Possession of Child Pornography. At that time Applicant readily agreed to accept the plea bargain [agreement] offer.

> At the guilty plea hearing, Applicant and I reviewed the plea bargain papers. I explained to him each paragraph and allowed him the opportunity to ask any questions. Based on my recollection, he did not do so. He indicated that he fully understood the terms of the plea bargain, and the paperwork to which he affixed his signature. At no time did I coerce Applicant into signing the documents, accepting the plea bargain offer, or pleading guilty to the crime charged.

> Applicant's charge in ground number 5 that "when in Court counsel 'told' Applicant to say 'yes' to everything the Judge asked . . ." is only partially true. As is my usual practice, I told Applicant to always say "yes sir" or "no sir" when addressing the Court. Applicant has conveniently forgotten part of this instruction.

> The decision to accept the plea bargain offer and to plead guilty was made by Applicant of his own accord with no coercion by me.

Trial counsel's trial strategy was clearly to represent appellant in such a matter as to secure appellant's goal "to not go to prison." As stated, there is a strong presumption that trial counsel was competent. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellant has the burden of rebutting this presumption by presenting evidence that trial counsel's conduct fell outside the range of reasonable professional assistance. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). Appellant has not carried his burden under *Strickland.*

All of appellant's contentions properly before this court have been considered. Each has been overruled.

4

The trial court did not abuse its discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The order of the trial court is affirmed.


                                                    JIM R. WRIGHT

                                                    CHIEF JUSTICE


February 19, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.