IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00155-CR

 

Jose Alberto Saiza,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District
Court

McLennan County, Texas

Trial Court No. 2007-1313-C2

 



MEMORANDUM  Opinion



 

A jury found Appellant Jose Alberto
Saiza guilty of injury to an elderly individual and aggravated robbery and
assessed his punishment at ninety-nine years’ imprisonment and a $10,000 fine
for each offense.  In two points, Saiza contends that his right to reasonably
effective assistance of counsel was violated because his counsel failed to
preserve error after the trial court denied his challenges for cause as to
Venirepersons No. 23 and No. 47.  We will affirm.

To prevail on an ineffective assistance
of counsel claim, the familiar Strickland v. Washington test must be
met.  Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156
L.Ed.2d 471 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); Andrews v. State, 159
S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same).  Under Strickland, we
must determine: (1) whether counsel’s performance was deficient, and if so, (2)
whether the defense was prejudiced by counsel’s deficient performance.  Wiggins,
539 U.S. at 521, 123 S.Ct. at 2535; Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Andrews, 159 S.W.3d at 101.

To preserve a complaint for appellate
review and to show harm with respect to a trial court’s denial of a challenge
for cause, an appellant must:  (1) assert a clear and specific challenge for
cause; (2) use a peremptory challenge on the complained-of venireperson; (3)
exhaust his peremptory challenges; (4) be denied a request for additional
peremptory challenges; and (5) identify an objectionable juror that he would
have challenged if he had had an additional peremptory challenge to use.  See
Busby v. State, 253 S.W.3d 661, 670 (Tex. Crim. App. 2008); Newbury v.
State, 135 S.W.3d 22, 30-31 (Tex. Crim. App. 2004); Allen v. State,
108 S.W.3d 281, 282 (Tex. Crim. App. 2003); Feldman v. State, 71 S.W.3d
738, 744 (Tex. Crim. App. 2002).

It is undisputed that Saiza’s counsel
did not preserve a complaint about the trial court’s denial of the challenges
for cause as to Venirepersons No. 23 and No. 47.  Both Saiza and the State
agree that, at a minimum, Saiza’s trial counsel did not identify an
objectionable juror that he would have challenged had he been granted an
additional peremptory challenge.  However, the parties disagree as to the
reason for trial counsel’s actions.

Saiza argues that the only reason for
trial counsel’s failure to preserve his complaint was counsel’s ignorance of
how to preserve the complaint.  But the State claims that the reason for not
pursuing preservation was most likely respect for the court because there were no
other objectionable jurors who should have been brought to the attention of the
court.  The State’s argument is strengthened by the fact that Saiza’s brief on
appeal does not identify an objectionable juror who sat on the jury.  If no
objectionable juror sat on the jury, then Saiza could not have been harmed by
the trial court’s denial of his challenges for cause.

Absent a record revealing trial
counsel’s strategy or motivation, Saiza has not defeated the strong presumption
that trial counsel’s actions fell within the wide range of reasonable
professional assistance.  See Thompson v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Accordingly, we overrule both of Saiza’s points and affirm the
trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed November 4, 2009

Do
not publish

[CRPM]

 






160;                                    Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 2, 1997
Do not publish