Affirmed and Memorandum Opinion filed November 9, 2010.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00483-CR



 

Jose Castillo Ledezma, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 1150417



 

MEMORANDUM  OPINION

 

A jury found appellant, Jose Ledezma, guilty of
aggravated robbery, and the trial court sentenced him to fifteen years’
confinement in the Institutional Division of the Texas Department of Criminal Justice. 
Appellant now contends (1) the evidence is insufficient to support his
conviction, and (2) defense counsel was ineffective.  We affirm.

I.     Background

On the morning of November 19, 2007, the complainant,
J.C. Ethridge, a sixty-seven-year-old retiree, set out to run some errands.  He
first drove to a gas station.  While filling up his car with gas, he noticed a
dark-colored Honda drive up and park next to his vehicle.  The Honda’s male
driver and two female passengers watched him from their car’s windows, but
remained seated in the car.  

Ethridge next drove to an office complex where he
parked and waited in his car for a friend.  Several minutes later, the same
dark-colored Honda pulled into the lot and parked right in front of his car,
blocking him in.  The driver of the Honda, later identified as appellant,
exited his car and approached Ethridge’s car.  Appellant reached through the
car’s open window, held a pocket knife with a 1½” to 2” blade to Ethridge’s
neck, and demanded money from Ethridge.  

Ethridge denied having money.  Appellant reached
through the window and felt Ethridge’s pockets.  Ethridge withdrew his money
clip and pocket knife and handed them to appellant.  Appellant pulled out the
eight dollars the money clip contained, returned the money clip, and drove
away.  Etheridge quickly wrote down a description of the Honda and its license
plate and called the police.  In total, the robbery lasted approximately three
to five minutes.  

Houston Police Officer Carey Vanuis responded to the
call.  Ethridge informed Officer Vanuis of the robbery, the vehicle, and the
license plate number.  Ethridge described the robber as a 25-year-old, 5’5”,
175-pound, black-haired Hispanic male.  Ethridge told Officer Vanuis the robber
was wearing a light T-shirt and dark pants.  Ethridge described no tattoos,
birthmarks, or other distinguishing features. 

Around 2:30 to 3:00 p.m. that same day, Houston
Police Officer Dan Starr was dispatched to appellant’s residence to arrest him
for a separate, but similar, offense.  He noticed a black Honda parked in
appellant’s driveway and recorded the license plate in his report.  He also
noted that appellant was wearing a beige shirt, black pants, and a short-sleeve
shirt.

Police Officer Jeffrey Michael ran the license plate
that Ethridge had provided the police.  His search revealed the Honda had also
been involved in the offense reported by Officer Starr.  Starr’s report
described appellant as approximately 5’7”and 175 pounds.  Officer Michael used
one of appellant’s previous booking photos to construct a photo array, and upon
showing it to Ethridge, he immediately identified appellant as the man who
robbed him.  Officer Michael intended to conduct a line-up, too, but when attempting
to locate appellant, he discovered appellant was already in police custody.

Appellant was subsequently arrested and charged with
aggravated robbery.  At trial, Ethridge, Officer Vanuis, Officer Starr, and
Officer Michael testified to their investigation and interaction with the
appellant.  Ethridge specifically identified appellant at trial as the man who
had robbed him.  

The defense called appellant’s brother, Juan, to
testify to appellant’s tattoos in an effort to cast doubt on Ethridge’s identification
of appellant.  The defense noted that the appellant’s tattoos were prominent,
and Ethridge had failed to note them in his identification of the appellant.

The jury found appellant guilty of aggravated
robbery, and the trial court sentenced him to fifteen years’ confinement. 
Appellant now contends (1) the evidence is factually insufficient to support
his conviction, and (2) defense counsel was ineffective.

II.   Discussion

A.        Sufficiency
of the Evidence

1.         Standard
of Review

Appellant
challenges the factual sufficiency of the evidence.  However, a majority of the
judges of the Texas Court of Criminal Appeals recently determined that the Jackson
v. Virginia[1] standard is the
only standard a reviewing court should apply to determine whether the evidence
is sufficient to support each element of a criminal offense the State is
required to prove beyond a reasonable doubt.  See Brooks v. State,
—S.W.3d—,—, No. PD-0210-09, 2010 WL 38946l3, at *1 (Tex. Crim. App. Oct. 6,
2010) (plurality op.) (Hervey, J., joined by Keller, P.J., Keasler, and
Cochran, J.J.); id., 2010 WL 38946l3, at *14–15 (Cochran, J.,
concurring, joined by Womack, J.) (same conclusion as plurality). 
Accordingly, under current Texas law, in reviewing appellant’s issues we apply
the Jackson v. Virginia standard and do not separately refer to legal or
factual sufficiency.  

 

We view
all of the evidence in the light most favorable to the verdict to determine
whether the jury was rationally justified in finding guilt beyond a reasonable
doubt.   Brooks, 2010 WL 3894613, at *5.  We do not sit as a thirteenth
juror and may not substitute our judgment for that of the fact finder by
re-evaluating the weight and credibility of the evidence.  Id. at *7; Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); see also Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  We defer to the fact
finder’s resolution of conflicting evidence unless the resolution is not
rational.  Brooks, 2010 WL 3894613, at *7 n.8, *11.  Our duty as a
reviewing court is to ensure the evidence presented actually supports a
conclusion that the defendant committed the crime.  Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  

2.         Application
to Facts

Appellant
argues the evidence is insufficient to show he was the robber.  We disagree. 
Ethridge had the opportunity to observe appellant on two occasions, at the gas
station as well as at the office parking lot.  The robbery lasted three to five
minutes, which was long enough for an argument with the appellant over whether
Ethridge had money, and for appellant to feel Ethridge’s pockets, remove the
cash from the money clip, and return the money clip to him.  Ethridge’s
description of the robber matched appellant, and his description of the
robber’s clothing also matched what appellant was wearing when arrested. 
Additionally, Ethridge identified appellant from a photo array and at trial as
the man at the gas station and the man who robbed him in the office parking
lot.  

Also,
Ethridge had the opportunity to observe appellant’s Honda on two occasions, at
the gas station as well as at the office parking lot.  Appellant’s description
of the Honda and its license plate matched that of the Honda that was parked in
appellant’s driveway. 

Appellant
argues the evidence tending to show that he was the assailant is greatly
outweighed by Ethridge’s failure to mention his tattoos.  Nevertheless, the
jury, being in the best position to evaluate the credibility of the witnesses,
could have taken this into consideration.[2]  See Pena, 251
S.W.3d at 609.  We defer to the jury’s conclusions as to the relative
importance, if any, to be given to that evidence.  See id.

Considering
the evidence in the light most favorable to the verdict, we hold a rational
trier of fact could find appellant was the robber.  The evidence is sufficient
to support the jury’s verdict.  Accordingly, we overrule appellant’s first
issue.

B.        Ineffective
Assistance

1.         Standard
of Review

In his second issue, appellant
contends he received ineffective assistance of counsel.  Specifically,
appellant argues counsel was ineffective because he failed (1) to object to
testimony of extraneous offenses; (2) to request a limiting instruction on the
offenses; and (3) to move for a jury charge on the limited use and burden of
proof of the offenses.  Specifically, appellant takes issue with the following
testimony: (a) the testimony of Juan, appellant’s brother, that appellant
received one of his tattoos while in prison; (b) Officer Starr’s testimony that
he arrested appellant for a separate incident; and (c) Officer Michael’s references
to appellant’s previous arrests and imprisonment.[3]

Both the federal and state constitutions guarantee an
accused the right to the reasonably effective assistance of counsel.  See U.S.
Const. amend. VI; Tex. Const. art.
I, § 10; Strickland v. Washington, 466 U.S. 668, 686 (1984).  When we
review claims of ineffective assistance, we apply a two-pronged test.  See
Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing Strickland,
466 U.S. at 687).  The defendant must prove by a preponderance of the evidence
that (1) counsel’s representation was deficient in that it fell below the
standard of prevailing professional norms and (2) there is a reasonable
probability that, but for counsel’s deficiency, the result would have been
different.  Id. (citing Strickland, 466 U.S. at 687).  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

We consider the totality
of the representation and the particular circumstances of each case.  Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  We begin with the
strong presumption that counsel’s actions and decisions were reasonably
professional and motivated by sound trial strategy.  Salinas, 163 S.W.3d
at 740; Stults v. State, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th
Dist.] 2000, pet. ref’d).  To overcome the presumption, a defendant must show
that his allegation of ineffectiveness is firmly established in the record.  Thompson,
9 S.W.3d 814.  

The record is best developed in a hearing on a motion
for new trial or an application for a writ of habeas corpus.  Stults, 23
S.W.3d at 208.  Where, as here, there is no record relative to counsel’s
decisions and actions, an allegation of ineffective assistance can often lie
beyond effective appellate review.  See id.  Of course, when no
reasonable trial strategy could justify counsel’s conduct, counsel’s
performance may fall below an objective standard of reasonableness as a matter
of law, regardless of whether the record adequately reflects counsel’s
strategy.  Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). 
Our review of counsel’s actions, however, must be highly deferential to trial
counsel and avoid the deleterious effects of hindsight.  Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  

2.         Application to Facts

a.         Objections
to Testimony of Extraneous Offenses

Appellant argues counsel
was ineffective for failing to object to testimony from Juan, Officer Michael,
and Officer Starr concerning appellant’s extraneous offenses.  Generally, however,
isolated failures to object to improper evidence do not constitute ineffective
assistance of counsel.  Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984).  Moreover, the decision not to object to inadmissible evidence may,
in some instances, be justified as sound trial strategy.  Darby v. State,
922 S.W.2d 614, 624 (Tex. App.—Fort Worth 1996, pet. ref’d).  Thus, when the
record is silent as to counsel’s reasons for failing to object, as here, the appellant
usually falls short of rebutting the presumption of reasonable assistance.  Thompson
v. State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  

Here, counsel called
Juan to the stand to testify about appellant’s tattoos for the purpose of
disproving Ethridge’s identification of appellant.  Counsel questioned Juan
regarding the time period within which appellant received each tattoo, evidence
that was designed to show that appellant had these tattoos at the time of the
robbery of Ethridge.  Such testimony, if believed, could be consistent with the
defense theory that, because Ethridge did not mention any tattoos, somebody
else – that is, an assailant without tattoos – could have committed the
offense.  Therefore, it would not have been unreasonable for counsel to have weighed
the risks of Juan’s testimony and concluded it was more probative than
prejudicial.  

Regarding counsel’s
failure to object to extraneous-offense testimony provided by Officers Michael
and Starr, it is conceivable that counsel decided not to object in an effort to
avoid drawing the jury’s attention to adverse testimony.  It is well-established
that the decision not to object may be considered sound trial strategy, for
that very reason.  See Darby, 922 S.W.2d at 623–24.  Whatever the
reason, however, we cannot say on the limited record before us that counsel
lacked sound trial strategy for failing to object to testimony of extraneous
offenses.  Accordingly, we hold appellant has not shown counsel’s
representation was deficient.  See Salinas, 163 S.W.3d at 740 (citing Strickland,
466 U.S. at 687).

b.         Request
for Limiting Instruction

Appellant also argues
counsel was ineffective for failing to request a limiting instruction at the
time testimony of extraneous offenses was admitted, and for failing to move for
a charge on the limited use and burden of proof of such extraneous offenses.  However,
we need not decide whether counsel’s representation was deficient with respect
to these failures.  

Considering the totality
of the representation and the particular circumstances of this case, appellant
has not shown there is a reasonable probability that, but for these failures,
the result would have been different.  See id. (citing Strickland,
466 U.S. at 687). In this case, Ethridge’s description of appellant’s age,
race, height, weight, hair and clothing matched that of appellant when Officer
Starr visited him at his residence.  Ethridge also provided police with the
license plate of appellant’s vehicle, identified him from a photo array, and
identified him in court.  Accordingly, we overrule his second issue.

III.   Conclusion           

Having overruled both of appellant’s
issues on appeal, we affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] 443 U.S. 307, 99 S. Ct.
2781, 61 L.Ed.2d 560 (1979).





[2] Appellant also argues the
evidence showing he was the assailant is unreliable.  Specifically, appellant
argues Ethridge was very scared and was not focused on the assailant but rather
his knife and his rummaging through Ethridge’s pockets.  The jury could have
taken this too into consideration when evaluating the credibility of the
witnesses.  





[3] Specifically, appellant
complains of Michael’s testimony that (1) appellant’s Honda was involved in a
similar incident, (2) Michael used a previous booking photo of appellant for
the photo array, (3) Michael ascertained appellant’s height from a previous
incident report, and (4) Michael was unable to conduct a line-up because
appellant was already in custody.