

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00319-CR

DERNISE MUNSON,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law No. 2
Brazos County, Texas
Trial Court No. 07-02358-CRM-CCL2

## MEMORANDUM OPINION

A jury found Dernise Munson guilty of the misdemeanor offense of making a false report to a police officer, *see* TEX. PENAL CODE ANN. § 37.08 (Vernon 2011), and assessed her punishment at twenty days' confinement in jail. This appeal ensued.

Munson had an automobile insurance policy with State Farm. Shirley Wilson, a staff assistant for State Farm agent Brenda Keith, testified that on November 1, 2006, Munson called and requested a reduction in the coverage she had on her vehicle (in turn reducing the premium) because the vehicle was going to be in the shop for a

couple of months. Wilson told Munson that they would need her signature to remove the coverage, and Munson said that she would come by and sign the form. Wilson printed out the form and set it at the front desk for when Munson came by. On November 6, Munson came into the office, Wilson explained the form to her, and Munson signed the form on that day.

In December 2006, Munson apparently had a car accident and thereafter attempted to get State Farm to provide her with a rental car and pay for the repairs to her car. State Farm denied the claim, contending that the applicable coverage had been cancelled. After attempting to resolve the situation through several other avenues, Munson contacted the College Station Police Department to file a forgery report. Detective James Webb testified that when he called Munson, she said that someone had forged one of her insurance documents and cancelled the insurance on her vehicle. As a result, the insurance company would not pay for the damage her vehicle sustained in the accident. Webb then contacted the State Farm office and obtained the original of the document, and Munson was eventually arrested for making a false report to a police officer.

In her first issue, Munson contends that the trial court impermissibly commented on the weight of the evidence in the jury charge. The trial court charged the jury as follows: "You are instructed that the statement that an unknown party at State Farm Insurance had forged the defendant's signature on a document changing her vehicle coverage type, if made, was material to the investigation." Munson argues that this instruction entirely relieved the State of the burden to prove one of the elements of the

offense charged, namely, materiality. We assume without deciding that the charge was erroneous.

Because Munson did not object to the alleged error in the charge, it will not result in reversal of her conviction in the absence of "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g)). In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007); *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

The State argues that the alleged error did not result in egregious harm because materiality was never an issue in the case. It was uncontested that Detective Webb was investigating whether someone committed the criminal act of forging Munson's signature on a document changing her insurance coverage because of the statement she made to him. Based on our review of the record, we agree. Munson even states in her brief, "The issues at trial that were primarily contested were whether she signed the form as alleged, and, if she did sign the form, whether she made the report (and specific statement regarding a possible forgery) to the police with knowledge of its falsity, or out of simple forgetfulness"—not whether the statement was material to the

investigation. Because materiality was never an issue in this case, we hold that the alleged error did not result in egregious harm. We overrule Munson's first issue.

In her second issue, Munson contends that she received ineffective assistance because her trial counsel failed to object to the trial court's impermissible comment on the weight of the evidence in the jury charge.

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, the appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the defense was prejudiced by counsel's deficient performance. *Wiggins*, 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews*, 159 S.W.3d at 101. Absent both showings, an appellate court cannot conclude the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S.Ct. at 2068.

As explained above, materiality was never an issue in this case. It was uncontested that Detective Webb was investigating whether someone committed the criminal act of forging Munson's signature on a document changing her insurance coverage because of the statement she made to him. Thus, assuming without deciding that counsel's performance was deficient, we conclude that Munson has failed to demonstrate that the defense was prejudiced by counsel's performance. We overrule Munson's second issue.

Having overruled both of Munson's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 24, 2011
Do not publish
[CR25]