AFFIRM; Opinion issued November 7, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00349-CR

**ARTHUR ANDRE BANKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F10-35721-Y**

# MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

Arthur Andre Banks was charged with second-degree burglary of a habitation. He pleaded guilty to the charge without a recommendation on punishment and pleaded true to an enhancement paragraph. The trial court found him guilty and assessed punishment at twelve years in prison. In two issues, appellant complains the trial court failed to consider the entire range of punishment and counsel provided ineffective assistance. We overrule both issues and affirm the trial court's judgment.

After appellant pleaded guilty and received his statutory admonishments, the State offered appellant's written voluntary judicial confession, stipulation of evidence, and plea of true. The complaining witness, Patrice Jackson, left for work at 6:50 a.m. and was notified an hour later that

her home had been burglarized. Her television, DVD player, computer, and jewelry were taken. Jackson said she had trouble sleeping afterwards. Because she believed the intruders had been watching her house that morning, she moved and changed vehicles for safety reasons. Defense counsel asked no questions, but the following then occurred between the trial judge and Jackson:

> [TRIAL JUDGE]: I'm sorry this happened to you, ma'am. Let me ask you a question, though.
>
> [JACKSON]: Absolutely. Sure.
>
> [TRIAL JUDGE]: Here is the the [sic] challenge I face almost every day. Okay? They say if I send him to jail without giving him treatment then what will happen is he will just come back out and do it again.
>
> [JACKSON]: Absolutely.
>
> [TRIAL JUDGE]: And then they say if I put him on treatment and then he goes out and burglarizes somebody again, that is my fault. What do you think I should do?
>
> [JACKSON]: I think he should go to jail to learn his lesson not to do anyone else like this because they don't understand the trauma they cause families. I mean, it might be simple for him at that time to get whatever he is going to get, but you don't understand the – I mean, the agony that you cause someone else by doing something like this. So absolutely, I think he should go to jail.
>
> [TRIAL JUDGE]: Any questions based on my questions?
>
> [PROSECUTOR]: No, Your Honor.

Laura Weddle, a Dallas County probation officer, told the court appellant had been previously placed on probation for robbery, and during his probationary period, he reported only twice and "picked up" three new offenses – possession of a controlled substance, burglary of a habitation, and failure to ID. Appellant's probation ultimately was revoked and he was sentenced to six years in prison for the burglary. Weddle did not believe appellant was a good candidate for probation because he was given the opportunity previously and failed to comply with the conditions

of his probation.

Appellant testified he wanted help for his marijuana problem. He said he was "full of marijuana" when he committed the burglary with his "home girl," Denise, whose last name he said he did not know. Denise took the property and moved out of town, so he was not able to return it to Jackson. He asked to be placed on deferred adjudication with drug treatment and explained he previously performed poorly on probation because he was "[s]till on marijuana."

In his first issue, appellant contends the trial judge failed to consider the entire range of punishment and assessed punishment on matters not authorized by law, denying him due process. In particular, he complains about the exchange between Jackson and the trial judge in which the judge asked Jackson's opinion on punishment and expressed concern "about being personally faulted for any future crimes" appellant might commit if put in drug treatment.

A trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process. *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam). Here, appellant complains the trial court did not consider probation. But having reviewed the above-cited exchange, we cannot agree. Nothing in the judge's remarks indicates he refused to consider probation in this case; to the contrary, he specifically mentions the possibility of ordering appellant to a treatment program as opposed to incarceration.

To the extent appellant complains the trial court improperly solicited Jackson's punishment recommendation while expressing concern for his own "vulnerability to public criticism," he has waived this complaint by failing to object. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). Even if we presume the complaint was preserved and we assume error, appellant cannot show the error affected his substantial rights. *See* TEX. R. APP. P. 44.2(b). Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have a fair assurance that the error did not influence the fact finder, or had but a slight effect. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

After Jackson testified, the trial court heard the probation officer's testimony that appellant previously had been on probation for robbery, and during his probationary period, "picked up" three more offenses, two of which were felonies, and reported only twice. Given this history, the probation officer testified appellant would not be a good candidate for probation. Moreover, the trial court could have believed appellant was untruthful when he claimed not to know his accomplice's last name and then used her as an excuse for why he could not return Jackson's property. Finally, the punishment assessed was on the low range and was less than the fifteen years sought by the State. Given the record in this case, we have a fair assurance that any error in seeking Jackson's opinion on punishment did not influence the judge in assessing appellant's sentence, or had only a slight effect. We overrule the first issue.

In his second issue, appellant argues he received ineffective assistance of counsel because counsel did not object to the trial court's (1) failure to consider the entire range of punishment and (2) assessing punishment based on consideration of matters not authorized by law. He argues he was "clearly prejudiced" since the trial court followed Jackson's recommendation for incarceration "despite his clear need for drug treatment."

We review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). An appellant must prove that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *See Strickland*, 466 U.S. at 687-88. To establish deficient performance under the first prong, a defendant must show that no reasonable trial strategy could justify counsel's conduct. *Id.* at 689; *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005). With regard to the second prong, a defendant establishes prejudice if he shows a reasonable probability – a probability sufficient to undermine confidence in the trial's outcome – that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Thompson*

*v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Unless the appellant makes both showings, it cannot be said his conviction is rendered unreliable by a breakdown in the adversarial process. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Even if we assume counsel's performance was deficient, appellant has failed to prove that but for counsel's errors, there is a reasonable probability the result of the proceeding would be different. As explained above, evidence in the case showed this was appellant's fourth felony and he previously had been on probation but failed to follow the rules and conditions. The probation officer testified that based on appellant's previous history, she did not believe he was a good candidate for probation. Because appellant has failed to meet his burden under the second prong of *Strickland*, we overrule his second issue.

We affirm the trial court's judgment.

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110349F.U05

–5–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ARTHUR ANDRE BANKS, Appellant

No. 05-11-00349-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas. (Tr.Ct.No. F10-35721-Y).

Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 7, 2012.

MOLLY FRANCIS
JUSTICE