**Affirmed and Opinion Filed July 26, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01356-CR**
**No. 05-12-01358-CR**

**SILVIA PATRICIA TORRES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-54910-M and F11-54912-M**

## OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Silvia Patricia Torres appeals the trial court's judgments convicting her of aggravated robbery with a deadly weapon. Torres pleaded guilty to the offenses and the jury assessed her punishment at twenty years of imprisonment for each offense. Torres raises two issues on appeal arguing: (1) she received ineffective assistance of counsel during the punishment phase; and (2) the trial court erred when it overruled her objection to the prosecutor's comment during voir dire. We conclude that Torres has not shown that she received ineffective assistance of counsel and even if the prosecutor's comment during voir dire was improper, the error was harmless because there is not a reasonable likelihood that it materially affected the jury's deliberations on punishment. The trial court's judgments are affirmed.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Torres, Jose Galvan, and Maria Montero devised a plan to raise the money needed to bail Torres's boyfriend out of jail. After failed attempts to collect money owed to Torres's boyfriend, they agreed to commit robbery. They decided that Torres and Montero would go inside a bar while Galvan remained outside in the car. Then, Torres and Montero would find two men who appeared to have money and lure them to Montero's vacant apartment. Torres and Montero would ride with the men, while Galvan followed them in Torres's boyfriend's vehicle. Torres and Montero would stall the men until Galvan entered the apartment. Then, Torres and Montero would take the men to the dark vacant apartment and Galvan would steal their money.

They waited until it was dark before they began executing their plan. Torres and Montero were not successful at the El Jaguar, so they went to another nearby bar, El Capri. At El Capri, Torres and Montero met Joaquin and Fernando Pastor, who were cousins. Torres, Montero, and the Pastor cousins drove to Montero's apartment in Joaquin Pastor's Sport Utility Vehicle (SUV). In order to give Galvan time to enter Montero's apartment, Montero told the Pastor cousins that she wanted to buy marijuana from someone in her apartment complex. Then, they went to Montero's apartment. After the door was closed, Galvan beat the Pastor cousins with a pipe and Torres pointed a gun at Joaquin Pastor telling him, "I am going to kill you if you do not stop fighting." The Pastor cousins stopped fighting and emptied their pockets. Torres, Montero, and Galvan tied up the Pastor cousins and told them that they would be thrown into the river.

The Pastor cousins were taken back to the SUV. Torres and Galvan rode in the front of the SUV and the Pastor cousins were in the back. Montero refused to get into the SUV. Instead, she checked her apartment to make sure that no evidence was left behind. Then, she went to the apartment where she had purchased the marijuana and washed some blood off of her arm.

Officer Joshua Devore responded to a 9-1-1 call reporting a disturbance at Montero's apartment complex and that the individuals involved had left in a white SUV. When Officer Devore arrived, he saw a white SUV speeding away and conducted a traffic stop. The back window of the SUV was rolled down a couple of inches and when he approached the SUV, Officer Devore saw the Pastor cousins bound and bleeding in the back seat through the window opening. According to Officer Devore, the Pastor cousins were "trying to jump through the little crack in the window" and were yelling "pistole, pistole!" After Officer Devore arrested Torres and Galvan, he observed that Joaquin Pastor was severely injured, lapsed in and out of consciousness, and his speech was slurred. The Pastor cousins were taken to the hospital. Montero was arrested nineteen days later.

Torres pleaded guilty to two offenses of aggravated robbery with a deadly weapon. The jury assessed her punishment at twenty years of imprisonment for each offense.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In issue one, Torres argues she received ineffective assistance of counsel during the punishment phase. She claims that, during the hearing on punishment before the jury, her trial counsel failed to: (1) submit a verified application for probation; (2) present sufficient evidence that Torres had not been convicted of a felony in any jurisdiction; and (3) present mitigating evidence that would have supported and justified the assessment of community supervision. The State responds that Torres has failed to show that any of the alleged omissions by trial counsel amount to ineffective assistance of counsel. Also, the State contends that even if trial counsel's performance was deficient, Torres has not established that any of trial counsel's omissions were so prejudicial that her sentence would have been different had counsel submitted a verified application for probation or introduced additional evidence.

## A. *Applicable Law*

To prevail on a claim of ineffective assistance of counsel, an appellant must show the following: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *See Andrews*, 159 S.W.3d at 101; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813.

## B. *Application of the Law to the Facts*

Even if trial counsel's performance fell below an objective standard of reasonableness, Torres must show a reasonable probability exists that, but for trial counsel's errors, the result would have been different. In her brief, Torres states that she "has [] shown that but for [trial counsel's] serious unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different because the jury had no choice but to not grant [sic] [Torres] probation due to the fact that the jury was not presented any evidence by trial counsel supporting the granting of probation." Torres does not provide references to the record to support this assertion, cite to any case law, or supply any further argument to support her contention. Nevertheless, although Torres's counsel failed to verify the motion for community supervision, the trial court ultimately submitted community supervision as an option to the jury. *Guzman v. State*, No. 14-08-00468-CR, slip op. at 6 (Tex. App.—Houston [14th Dist.] Sept. 24, 2009, no pet.) (mem. op.) (not designated for publication). We must presume the jury followed the trial court's charge as given and gave fair consideration to the possibility of community

supervision when assessing Torres's punishment. *Guzman v. State*, No. 14-08-00468-CR, slip op. at 6 (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998)). Further, the jury did not assess Torres's punishment in the range for which community supervision would have been an option. In addition, the jury heard evidence that Torres helped to plan and commit the robbery, and she threatened Joaquin Pastor with a gun. Accordingly, we conclude Torres has not shown she received ineffective assistance of counsel because she has not shown that, but for trial counsel's errors, the result would have been different.

Torres's first issue is decided against her.

### III. PROSECUTOR'S COMMENTS DURING VOIR DIRE

In issue two, Torres argues the trial court erred when it overruled her objection to the prosecutor's comment during voir dire. She claims that the prosecutor's comment improperly informed the potential jurors about the effects or consequences of placing Torres on community supervision. Torres contends that, although the prosecutor's comment was true, it was not an issue that should have been presented to the jury. She also argues that the prosecutor's comment "violated [her] rights under the 5th, 6th, and 14th Amendments" to the Constitution of the United States and "should be considered constitutional error." Torres does not argue that she suffered harm as a result of the alleged improper comment. The State responds that the prosecutor's comment was not improper. However, the State contends that, even if the prosecutor's comment was improper, it was harmless error.

### A. Applicable Law

Under Rule 44.2(a) of the Texas Rules of Appellate Procedure, constitutional error that is subject to a harmless error review requires reversal unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a). When determining whether the error was harmful, an appellate court considers a non-

exclusive list of factors to the extent they are relevant: the nature of the error, to what extent it was emphasized by the State, probable collateral implications of the error, and the weight a juror probably would place on the error. *See Snowden v. State*, 353 S.W.3d 815, 819–20, 821–22 (Tex. Crim. App. 2011). An appellate court "calculate[s], as nearly as possible, the probable impact of the error on the jury in light of the other evidence. The error was not harmless if there is a reasonable likelihood that it materially affected the jury's deliberations." *Neal v. State*, 256 S.W.3d 264, 284 (Tex. Crim. App. 2008) (internal quotations omitted).

## B. Application of the Law to the Facts

Torres argues the following comment by the prosecutor was error: "So if the jury places someone on probation, they never get to say the amount of years if that person messes up on probation. All right. You are out of the loop." Even if this was an improper comment by the prosecutor, any error by the trial court in overruling Torres's objection to this comment was harmless.[1] The prosecutor's comment was a brief part of the voir dire. It was not emphasized or mentioned again. Torres's only evidence that she had never before been convicted of a felony came from the testimony of her mother, Maria Torres. Torres's trial counsel asked Maria Torres, "As the mother of Silvia Torres, I have a question that I need to ask you, has your daughter, Silvia Torres, ever before been convicted of a felony in this state or any other state?" Maria Torres answered, "Not that I know."

Additionally, the trial court's charge instructed the jury:

> In this case[,] [Torres] has filed, before trial, her sworn motion in which she requests that in the event [s]he is convicted that [s]he be placed on community supervision. If the punishment assessed by you is not more than 10 years' confinement in the Institutional Division of the Texas Department of Criminal Justice and you further find that she has never before been convicted of a felony in this or any other State, and if you recommend community supervision in this

---

[1] We express no opinion on whether the alleged error is constitutional error. However, we review the alleged error under Texas Rule of Appellate Procedure 44.2(a) because Torres claims that it was a constitutional error.

case, then let your verdict show the punishment which you assess and show that [Torres] has never before been convicted of a felony in this or any other State. . . .

In the event you recommend in your verdict that [Torres] be placed on community supervision within the framework of the foregoing instructions, then the law requires the Court to place [Torres] on community supervision. This is a matter that is entirely in the hands of the jury; and your decision in the matter will be final. . . .

You are further instructed that if you find that [Torres] has heretofore been convicted of a felony in this or any other State, or if you do not desire, in your discretion as a Jury, to recommend to the Court that the imposition of the sentence be suspended and the Defendant placed on community supervision, then you will assess the punishment you may find and determine upon in your verdict.

The jurors assessed Torres's punishment at twenty years of imprisonment for each offense. They did not assess her punishment in the range for which community supervision would have been an option or find that Torres had never before been convicted of felony.

We conclude that even if the trial court erred when it overruled Torres's objection to the prosecutor's comment during voir dire, the error was harmless because there is not a reasonable likelihood that it materially affected the jury's deliberations on punishment.

Torres's second issue is decided against her.

## IV. CONCLUSION

Torres has not shown that she received ineffective assistance of counsel. Also, even if the prosecutor's comment during voir dire was improper, the error was harmless because there is not a reasonable likelihood that it materially affected the jury's deliberations on punishment.

The trial court's judgments are affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121356F.U05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SILVIA PATRICIA TORRES, Appellant

No. 05-12-01356-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-54910-M.
Opinion delivered by Justice Lang.   Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 26th day of July, 2013.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SILVIA PATRICIA TORRES, Appellant

No. 05-12-01358-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-54912-M.
Opinion delivered by Justice Lang.   Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE