

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00133-CR

LARRY CARTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1272810D, Honorable Michael Thomas, Presiding

December 5, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Larry Carter appeals his conviction of possessing a controlled substance (*i.e.,* cocaine) with intent to deliver. According to the reporter's record before us, the jury acquitted him of being a felon in possession of a firearm.[1] The two issues before us

---

[1] We refer to the reporter's record because the indictment in this cause (*i.e.*, No. 1272810D) said nothing about charging appellant as a felon who possessed a firearm. Apparently, the accusation was raised via a separate indictment assigned cause No. 1272813D. The two proceedings then were tried together, but the clerk's record in Cause No. 1272813D was not made a part of the appellate record at bar.

concern the presence of a purportedly biased juror and defense counsel's failure to seek that juror's removal for cause. We affirm.

*Background*

On February 16, 2012, Fort Worth police officers conducted a raid of a house in which appellant and William Jones were found in the living area. Cocaine as well as other drug paraphernalia and a gun were located near both men. The ensuing arrests resulted in appellant being tried for possessing drugs with the intent to deliver and being a felon in possession of a firearm.

Appearing in the venire of potential jurors was a Fort Worth police officer who was assigned the moniker of Juror No. 23. During voir dire, the State asked if anyone knew the potential witnesses which included four police officers. Juror No. 23 replied that he did not "know them personally but [had] taken calls from them in the past." When specifically questioned as to which police officers he was referring, the venire member identified two of the four officers. Neither of the two, however, proved to be the officer who testified about seeing appellant engaged in a drug transaction the day before the raid. When asked about the effect of his acquaintance with the two jurors, Juror No. 23 stated:

> I guess I would try not to be bias[ed], I guess I would be a little bias[ed] because I am a police officer. I would side with them because I know my people. But other than that, I would try not to be biased.

Later, he stated:

> . . . just that since I have met both officers before, I have worked with them before, I know they are good officers. I know that if they are going to arrest on a charge, in this case a felony charge, that they're going to have to make sure they have probable cause to make the arrest.

2

When asked if he would give police officers appearing as witnesses a little more credibility, Juror No. 23 said: "Just for the fact that I know what it takes because of my personal knowledge to do the report, how the case goes, yes. I know the process and I know what it takes to actually put somebody in jail for the offense."

Two other present or former police officers also appeared in the jury venire and were challenged and struck for cause. However, no one challenged Juror No. 23, though defense counsel would later testify (during a hearing upon a motion for new trial) that he had intended but mistakenly failed to do so.

*Issue One -- Failure to Remove*

On appeal, appellant argues that he was denied a fair trial because Juror No. 23 was not removed. We overrule the issue.

The tenor of his complaint is a bit vague. That is, he questions the propriety of retaining the juror even though he did not levy a challenge for cause against him.

It is clear that a defendant may waive any right he has to challenge a venire member for cause; just as he may waive his right to an impartial jury. *State v. Morales,* 253 S.W.3d 686, 697 (Tex. Crim. App. 2008). So, without an objection forthcoming from appellant, the trial court could well have concluded, legitimately, that he wished to leave Juror No. 23 on the venire.

Yet, appellant's argument could also be read as suggesting that the trial court had some duty to remove the supposedly biased juror *sua sponte*. But, he does not cite us to authority so holding. Furthermore, such a proposition would tend to contradict our Court of Criminal Appeals' opinion in *Morales*. Therein it said 1) "when a constitutional claim of juror partiality *is properly preserved for appeal* and borne out by the appellate record, the service of even 'a single partial juror will vitiate a conviction'" and 2) "the

3

Sixth Amendment right to an impartial jury is just that--a right . . . [and] that the right to trial by impartial jury, like any other right, is subject to waiver (or even forfeiture) by the defendant in the interest of overall trial strategy." *Id.* at 697 (Emphasis added). If a trial court was obligated to act *sua sponte* when a potentially biased juror sits in the venire, then it would seem that the Court of Criminal Appeal's allusion to "properly preserving" the complaint was meaningless. We hesitate to accord the comment such status. Similarly meaningless would be the Court's characterization of the right in question as one subject to waiver by the defendant. Requiring the trial court to act when none of the parties care to would insulate the right from waiver. So, we opt to reject appellant's suggestion at bar.

We also eschew his invitation to apply the result in *Hendry v. State,* No. 01-97-000684-CR, 1999 Tex. App. LEXIS 2491 (Tex. App.—Houston [1st Dist.] April 1, 1999, pet. ref'd) (not designated for publication) to the dispute before us. Unlike the situation we face, the defendant in *Hendry* actually voiced an objection to the presence of a purportedly biased juror. *Hendry, 1999 Tex. App. LEXIS 2491, at *2.* Though he failed to challenge the venire member for cause, he nevertheless broached the matter to the trial court before it swore in the jury.

*Ineffective Assistance of Counsel*

Next, appellant contends that his trial counsel's failure to question Juror No. 23's partiality denied him the effective assistance of counsel. We overrule this issue as well.

To prevail on this claim, appellant was obligated to show that his counsel's performance both fell below an objective standard of reasonableness and prejudiced the outcome. *Andrews v. State,* 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

4

Furthermore, prejudice occurs when there is a reasonable probability that a different result would have occurred but for counsel's deficiency. *Id.* at 102.

Regarding the first prong, we again allude to *Morales*. In addressing whether trial counsel there acted unreasonably by omitting to challenge an allegedly biased venire member, the court reiterated that "'[w]aiver of [trial counsel's] client's right to insist that every juror in the case be in all things fair and impartial may in counsel's best professional judgment have been an acceptable gamble.'" *State v. Morales*, 253 S.W.3d at 697, *quoting Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). So, the omission does not evince *ipso facto* unreasonable performance; it can be reasonable trial strategy.

Moreover, the record at bar indicates that trial counsel knew of his omission but nonetheless proceeded without complaint.[2] Not until appellant had been convicted and sentenced did defense counsel inform the trial court of his "mistake" in failing to challenge Juror No. 23. Why defense counsel did not complain earlier, as did counsel in *Hendry*, is unknown. Admittedly, counsel testified about his mistake and intent to remove the individual from the panel at the hearing on the motion for new trial. Yet, he said nothing about why he made no effort to achieve that end once he realized the "mistake." Instead, the complaint was withheld until after the jury rendered its verdict, and the trial court sentenced him. That, in itself, could have been a trial tactic.

And, even if we were to assume that the one instance of defense counsel's conduct was unreasonable performance, we cannot say that appellant satisfied the prejudice threshold. Not only did defense counsel testify that his efforts in defending

---

[2] After the jury panel was announced, counsel approached the bench and asked: "No. 23, didn't he get struck for challenge for cause?" The court informed counsel that no challenge had been levied and when asked if there was "[a]nything else from either side", defense counsel indicated there was not.

appellant "were effective," even though he intended but failed to strike Juror No. 23, but he also secured an acquittal for his client on the firearm charge. It is difficult to legitimately complain about the presence of a supposedly biased juror when the jury on which that individual sat favored appellant in part.

Of further note is that the complaint before us was presented in a motion for new trial. The trial court convened a hearing on the motion and received evidence on the matter. It then allowed the motion to be denied by operation of law. So, we do not have the privilege of considering the matter for the first time. We mention this because the standard of review is not *de novo* since appellant is effectively appealing the denial of his motion for new trial. Instead, we may only determine whether the trial court abused its discretion. *See McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012) (holding that an appellate court reviews a decision to deny a motion for new trial under the standard of abused discretion). And, upon reviewing the totality of the record and according the trial court the appropriate deference (given its perception of the evidence and first-hand knowledge of defense counsel's efforts in relation to the trial's progress), we cannot say that the decision fell outside the zone of reasonable disagreement. *See Smith v. State*, 286 S.W.3d 333, 339-40 (Tex. Crim. App. 2009) (stating that a trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement).

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.