**Lonnie Ray ANDREWS, Appellant,**

v.

**The STATE OF TEXAS.**

**Nos. PD–0993–03 to PD–0996–03.**

Court of Criminal Appeals of Texas.

March 23, 2005.

---

**20.** *Johnson v. State,* 72 S.W.3d 346, 348 (Tex. Crim.App.2002).

Richard W. Wilkinson, Jr., Houston, for Appellant.

Bridget Holloway, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION

PRICE, J., delivered the opinion of the Court, in which MEYERS, JOHNSON, KEASLER, HOLCOMB, and COCHRAN, JJ., joined.

In this case, during closing arguments, the prosecutor made a misstatement of the law that was detrimental to the appellant. The appellant's counsel failed to object to this misstatement of law. In a published case, the Court of Appeals overruled the appellant's point of error because there was no evidence of trial counsel's motive for failing to object to the prosecutor's misstatement. Because we conclude that, under the unusual circumstances of this case, there could be no legitimate trial strategy in failing to object to the prosecutor's misstatement, we reverse the judgment of the Court of Appeals.

## I.  Facts

The appellant was charged with three counts of sexual assault[1] and one count of indecency with a child.[2] On the day that voir dire began, the State filed a written motion to cumulate the sentences under Penal Code Section 3.03.[3] The State hand delivered a copy of the motion to defense counsel. At the close of the guilt phase of the trial, the jury found the appellant guilty of all four counts. Defense counsel did not request, and the charge during the punishment phase of the trial did not contain, an instruction explaining that the trial court may, in its discretion, stack the ap-

pellant's sentences under Penal Code Section 3.03.

Six days after filing the motion to cumulate sentences the same prosecutor who had filed the motion argued at the end of the punishment phase that the sentences could not be cumulated:

So you have to come up with an amount. You've got four charges. They don't add up, by the way. You give him 20 years in each case, it's still just 20 years. It's still not 80. You can give different amounts if you want. You can give 20, 10, 10, five, it's still just 20. And you can forget about the fine. We're talking about keeping him off the streets, keeping him away from other people, for other victims, for the future and for what he did here.

This argument left the jury with the incorrect impression that the appellant's sentences could not be stacked and that the appellant would serve no more than twenty years in prison for all four counts. Defense counsel failed to object to this incorrect argument. The jury assessed punishment at 20 years' imprisonment and a fine of $10,000 for each of the three sexual assault counts and 18 years' imprisonment and a $5000 fine for the indecency count. In the presence of defense counsel, the trial court granted the State's motion to cumulate the sentences and imposed a combined prison sentence of 78 years.

On direct appeal, the appellant complained that his trial counsel was ineffective for failing to object to the prosecutor's

1.  Tex. Pen.Code § 22.011.

2.  Tex. Pen.Code § 21.11.

3.  Penal Code Section 3.03 provides, in relevant part, that, if the accused is found guilty of more than one offense arising out of the same criminal episode,

the sentences may run concurrently or consecutively if each sentence is for a convic-

tion of an offense under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section.

misstatement of the law.[4] The Court of Appeals affirmed the appellant's conviction, holding that it would not find counsel's performance deficient without a record that indicated counsel's reasons for failing to object.[5]

The appellant filed a petition for discretionary review,[6] which we granted, complaining that the Court of Appeals erred by rejecting his claim of ineffective assistance of counsel.[7]

## II. The Law

In *Strickland v. Washington,*[8] the Supreme Court articulated a two-prong test to be used when analyzing a claim of ineffective assistance of counsel. To have his conviction reversed on the grounds of ineffective assistance of counsel, an appellant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the appellant.[9] Unless the appellant makes both showings, it cannot be said that his conviction is rendered unreliable by a breakdown in the adversarial process.[10] In *Hernandez v. State,*[11] we adopted the *Strickland* two-prong test for criminal cases in Texas.

Our review of counsel's performance must be highly deferential.[12] There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance, and the defendant must overcome the presumption.[13] We determine the reasonableness of counsel's challenged conduct in context, and view it as of the time of counsel's conduct.[14]

We have said that we commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it.[15] The policy behind this course is that "[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client."[16] This standard bal-

4. The appellant raised two other claims of ineffective assistance of counsel that were not mentioned in his petition.

5. *Andrews v. State,* 106 S.W.3d 402 (Tex.App.-Houston [1st Dist.] 2003).

6. On November 19, 2003, the appellant's first petition was struck for exceeding the page limit found in Texas Rule of Appellate Procedure 68.5. According to the Rule 68.5, we allowed the appellant to redraft his petition. This opinion refers to the redrafted petition.

7. The appellant raised other grounds, of which we did not grant review. The appellant mentions several of his ineffective assistance of counsel claims in his petitions. He includes argument regarding only one: whether the Court of Appeals erred in concluding that counsel was not ineffective for failing to object to the prosecutor's misstatement of the law. The appellant did not, but should have, raised all of his ineffective assis-

tance of counsel claims in his petition for discretionary review.

8. 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

9. *Id.,* at 687, 104 S.Ct. 2052.

10. *Ibid.*

11. 726 S.W.2d 53 (Tex.Crim.App.1986).

12. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

13. *Ibid.*

14. *Ibid.*

15. *Bone v. State,* 77 S.W.3d 828, 833 n. 13 (Tex.Crim.App.2002) (quoting *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001)).

16. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

ances the protection of these important policy interests with the protection of each defendant's fundamental Sixth Amendment rights.

█ As a result, we have said that the record on direct appeal is in almost all cases inadequate to show that counsel's conduct fell below an objectively reasonable standard of performance and that the better course is to pursue the claim in habeas proceedings.[17] But, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as she did.[18]

█ To satisfy the second prong of the *Strickland* test, we do not require that the appellant show that there would have been a different result if counsel's performance had not been deficient.[19] The defendant must show only that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [20]

## III. Deficient Performance

█ The Supreme Court in *Strickland* said that our review of counsel's performance must be highly deferential.[21] But, in the statement immediately preceding that one, the Supreme Court said that, "In making [its] determination, the [reviewing] court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case." [22] Counsel failed to do so in this case when he failed to object to the prosecutor's misstatement of the law, even though counsel had received a copy of the State's motion to cumulate sentences on the day that voir dire began. Defense counsel has a duty to correct misstatements of law that are detrimental to his client. This duty derives from counsel's function "to make the adversarial testing process work in the particular case." [23] There can be no reasonable trial strategy in failing to correct a misstatement of law that is detrimental to the client.

The State argues that, because the record is silent about counsel's reasons for failing to object, we should not conclude that counsel's performance was deficient. It says that counsel should be given an opportunity to explain his reasons and claims that this case is no different than *Freeman v. State*,[24] in which we held that, absent an explanation of trial counsel's reasons for failing to file a motion to recuse the trial judge, we could not presume that counsel's performance was deficient.

17. *Bone,* 77 S.W.3d at 833; *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

18. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

19. *Id.,* at 694, 104 S.Ct. 2052 ("The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.").

20. *Ibid.*

21. *Id.,* at 690, 104 S.Ct. 2052.

22. *Ibid.*

23. *Ibid.*

24. *Freeman v. State,* 125 S.W.3d 505, 506–07 (Tex.Crim.App.2003).

In *Freeman*, we repeated what we have said in many cases: Generally, post-conviction writ proceedings are a better forum for pursuing relief on an ineffective assistance of counsel claim. The United States Supreme Court said the same thing in *Massaro v. United States.*[25]

Neither this Court, nor the Supreme Court, has said that a claim of ineffective assistance will *never* be successful on appeal. Although the Supreme Court noted that there are few cases that may be resolved by way of appeal, it has stopped short of saying that no such claims may ever be resolved on direct appeal.[26]

Our conclusion regarding the first prong of the *Strickland* test is not a departure from our holding that generally a claim of ineffective assistance of counsel may not be addressed on direct appeal because the record on appeal usually is not sufficient to conclude that counsel's performance was deficient. We ordinarily need to hear from counsel whether there was a legitimate trial strategy for a certain act or omission. Frequently, we can conceive potential reasonable trial strategies that counsel could have been pursuing. When that is the case, we simply cannot conclude that counsel has performed deficiently.

That is not the situation that we are dealing with in this case. Under the extremely unusual circumstances of this case, the record contains all the information that we need to make a decision. Trial counsel failed to object to the prosecutor's misstatement of the law regarding whether the appellant's sentences could be stacked, even though he knew that the State had filed a motion to cumulate the sentences. There can be no reasonable trial strategy in failing to correct this false impression that was harmful to the appellant.

## IV. Prejudice

■ The record also supports the conclusion that the second prong of the *Strickland* test has been satisfied. The State's argument left the jury with the false impression that the maximum sentence that the appellant would serve was twenty years when the maximum sentence was really eighty years. In fact, the appellant was sentenced to a total of 78 years. The jury had incorrect information from which to assess the appropriate sentence for the appellant. The prosecutor told the jury that, after assessing a twenty-year sentence on the first count, it would not matter what sentence the jury assessed for the remaining three counts.

Had defense counsel objected on the basis that the prosecutor's argument was a misstatement of the law, the trial court could have corrected the misstatement and told the jury not to consider whether the court could or would cumulate the sentences. Because the jury received incorrect information about the appellant's punishment, the record supports the conclusion that there is a reasonable probability that the result would have been different.

## V. Conclusion

This is a rare case. This is a case in which the appellant has raised a claim of ineffective assistance of counsel on direct appeal *and* the record is sufficient for us to make a decision on the merits. Because we conclude that the record is sufficient to conclude that counsel's performance was deficient and that the appellant was prejudiced by counsel's failure to object to the prosecutor's misstatement of law, we re-

**25.** *Massaro v. United States,* 538 U.S. 500, 505–06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

**26.** *Id.,* at 507, 123 S.Ct. 1690.

verse the judgment of the Court of Appeals and remand for a new punishment hearing.

HERVEY, J., concurs in the judgment.

WOMACK, J., dissents.

KELLER, P.J., filed a dissenting opinion.

KELLER, P.J., dissenting.

The Court finds counsel ineffective without permitting him to defend himself, and the reason for doing so seems to be the Court's inability to conceive of a trial strategy for failing to object to the prosecutor's argument. I respectfully dissent.

Time and again, we have reversed courts of appeals decisions that find ineffective assistance of counsel.[1] Especially in cases like this one, "where the alleged derelictions primarily are errors of omission de hors the record rather than commission revealed in the trial record" we have said that "collateral attack may be the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record."[2] Our inability to think of a strategy does not mean that such a strategy could not have existed. There is no good reason to jump the gun and grant relief in this case, when the record-and counsel's reasons for his actions-can be fully developed on habeas.

There is another reason not to grant relief at this point. The Court makes an effort to explain why this case is different from the many ineffective-assistance cases in which we have reproved courts of appeals for granting relief. But the only

difference seems to be that in those cases it was the court of appeals that could think of no strategy for counsel's actions, and in this case it is our Court that can think of no strategy. I do not know what lesson the courts of appeals are to gather from our inconsistent approaches to these claims.

Moreover, the Court brands defense counsel "ineffective" without giving him a chance to explain the reasons for his actions. I would not denounce counsel without giving him a chance to respond to these allegations. Even in post-conviction writ applications, this Court's consistent practice is to give defense counsel a chance to respond to charges of ineffective assistance.

Finally, under a bill now pending in the legislature, any attorney found to have rendered ineffective assistance of counsel will be forever ineligible for appointment as either lead or second-chair counsel in a death penalty case—at trial, on appeal, or in post-conviction habeas.[3] The Court's decision in this case could have far-reaching consequences for the luckless trial attorney. If there were no alternative to granting relief on direct appeal, perhaps I would find appellant's argument more persuasive. But habeas corpus, where a detailed examination of these claims "may be developed and spread upon a record," not only avoids the pitfalls I have anticipated, but offers a better method of arriving at the truth.

It may well be that appellant will prove his allegations and obtain relief on habeas

1. *See, e.g., Freeman v. State,* 125 S.W.3d 505 (Tex.Crim.App.2003); *Rylander v. State,* 101 S.W.3d 107 (Tex.Crim.App.2003); *Bone v. State,* 77 S.W.3d 828 (Tex.Crim.App.2002).

2. *Jackson v. State,* 973 S.W.2d 954, 957 (Tex. Crim.App.1998).

3. Proposed H.B. 268 (proposed Article 11.071, § 1(d)(2)(D)), House Comm. Report, March 1, 2005.

corpus. But granting relief at this juncture is premature.