Opinion filed July 26, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed July 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00051-CR

                                                     __________

 

                                 JOSE
ANGEL MARTINEZ,
Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                             On
Appeal from the 385th District Court

 

                                                           Midland County, Texas

 

                                                   Trial
Court Cause No. CR30512

 



 

                                                                   O
P I N I O N      

Jose Angel Martinez appeals his conviction for the
offense of aggravated sexual assault of a child, following his plea of guilty
to a jury.  The jury assessed his
punishment at eight years confinement in the Texas Department of Criminal
Justice, Institutional Division.  He
contends in a single point on appeal that his attorney at trial rendered
ineffective assistance of counsel.  We
affirm.








Martinez contends that his counsel was ineffective
for failing to object to what he contends is hearsay evidence of extraneous
offenses contained within a videotaped interview that was presented at the
punishment hearing following his plea of guilty.  In order to show that he did not receive
effective assistance of counsel at trial, Martinez
must show that his counsel=s
performance was deficient because it fell below the objective standard of professional
norms.  Wiggins v. Smith, 539 U.S. 510, 520 (2003); Strickland v. Washington,466 U.S.
668, 690 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex.
Crim. App. 2005); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  In addition, he must show that this deficient
performance prejudiced his defense.  Wiggins,
539 U.S. at 520; Strickland,
466 U.S.
at 690; Andrews, 159 S.W.3d at 101; Bone, 77 S.W.3d at 833.  Our review of defense counsel=s representation is highly deferential
and presumes that counsel=s
actions fell within the wide range of reasonable and professional assistance,
and appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Bone, 77 S.W.3d at 833; Stafford v. State, 813 S.W.2d 503, 508-09
(Tex. Crim. App. 1991).  Rarely will the
trial record contain sufficient information to permit a reviewing court to
fairly evaluate the merits of such a serious allegation.  Bone, 77 S.W.3d at 833.  In the majority of cases, the record on
direct appeal is simply undeveloped and cannot adequately reflect the failings
of trial counsel.  Id. 
In the case at bar, the record does not reflect counsel=s reason for not objecting to the
evidence in question. Consequently, we are unable to find that counsel=s actions did not fall within the wide
range of reasonable and professional assistance.  We overrule Martinez=s
sole point on appeal.             The judgment is affirmed.

 

PER CURIAM

 

July 26, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: McCall, J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.