

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-08-00155-CR

**JOSE ALBERTO SAIZA,**

                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                        **Appellee**

_____

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-1313-C2**

## MEMORANDUM OPINION

A jury found Appellant Jose Alberto Saiza guilty of injury to an elderly individual and aggravated robbery and assessed his punishment at ninety-nine years' imprisonment and a $10,000 fine for each offense.  In two points, Saiza contends that his right to reasonably effective assistance of counsel was violated because his counsel failed to preserve error after the trial court denied his challenges for cause as to Venirepersons No. 23 and No. 47.  We will affirm.

To prevail on an ineffective assistance of counsel claim, the familiar *Strickland v. Washington* test must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)); *Andrews v. State*, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005) (same). Under *Strickland*, we must determine: (1) whether counsel's performance was deficient, and if so, (2) whether the defense was prejudiced by counsel's deficient performance. *Wiggins,* 539 U.S. at 521, 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews,* 159 S.W.3d at 101.

To preserve a complaint for appellate review and to show harm with respect to a trial court's denial of a challenge for cause, an appellant must: (1) assert a clear and specific challenge for cause; (2) use a peremptory challenge on the complained-of venireperson; (3) exhaust his peremptory challenges; (4) be denied a request for additional peremptory challenges; and (5) identify an objectionable juror that he would have challenged if he had had an additional peremptory challenge to use. *See Busby v. State*, 253 S.W.3d 661, 670 (Tex. Crim. App. 2008); *Newbury v. State*, 135 S.W.3d 22, 30-31 (Tex. Crim. App. 2004); *Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003); *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002).

It is undisputed that Saiza's counsel did not preserve a complaint about the trial court's denial of the challenges for cause as to Venirepersons No. 23 and No. 47. Both Saiza and the State agree that, at a minimum, Saiza's trial counsel did not identify an objectionable juror that he would have challenged had he been granted an additional

peremptory challenge.  However, the parties disagree as to the reason for trial counsel's actions.

Saiza argues that the only reason for trial counsel's failure to preserve his complaint was counsel's ignorance of how to preserve the complaint.  But the State claims that the reason for not pursuing preservation was most likely respect for the court because there were no other objectionable jurors who should have been brought to the attention of the court.  The State's argument is strengthened by the fact that Saiza's brief on appeal does not identify an objectionable juror who sat on the jury.  If no objectionable juror sat on the jury, then Saiza could not have been harmed by the trial court's denial of his challenges for cause.

Absent a record revealing trial counsel's strategy or motivation, Saiza has not defeated the strong presumption that trial counsel's actions fell within the wide range of reasonable professional assistance.  *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Accordingly, we overrule both of Saiza's points and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed November 4, 2009
Do not publish
[CRPM]