NO. 07-10-00202-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
17, 2010

 



 

IN RE R. WAYNE JOHNSON, RELATOR



 



 

 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Relator R. Wayne Johnson, proceeding pro se, filed a petition for a writ of
mandamus on May 14, 2010.  By letter of
May 17, we informed relator of his failure to pay the
requisite filing fee and explained the cause would be subject to dismissal if
the fee was not received by May 27.  See Tex. R. App. P. 5.  Relator has not
paid the fee as directed or filed an affidavit of indigency.  See Tex.
R. App. P. 20.1.

            Accordingly,
we dismiss relator’s petition.  See
Tex. R. App. P. 5, 42.3(c).

 

                                                                                    Per
Curiam

 

 

 

            








 






rmal align=center style='margin-bottom:0in;margin-bottom:.0001pt;
text-align:center;line-height:normal;tab-stops:4.5in;border:none;mso-border-top-alt:
solid windowtext .5pt;mso-border-bottom-alt:solid windowtext .5pt;padding:0in;
mso-padding-alt:1.0pt 0in 1.0pt 0in'> 

Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Billy Don
Menefield appeals his conviction for possessing a controlled substance in an
amount of less than one gram by contending he received ineffective assistance
of counsel.  Specifically, he complains
of his trial counsel 1) failing to object to the admission of the laboratory’s
drug report, 2) failing to object to inadmissible punishment enhancement
evidence, and 3) introducing evidence of extraneous offenses during the
guilt/innocence phase.  We consider only
the first ground and reverse the judgment. 

            We review
claims of ineffective assistance under the standard discussed in Strickland v. Washington, 466 U.S. 668,
687-95, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
The defendant has the burden of proving not only that counsel’s
performance was deficient but that he suffered prejudice as a result of
it.  Cannon
v. State, 252 S.W.3d 342, 348-49 (Tex. Crim. App. 2008).  In making our review, we presume that counsel
had legitimate strategies for his actions, Mata
v. State, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007), and that presumption
cannot generally be overcome absent
evidence in the record of the attorney’s reasons for his conduct.  Ex
parte Niswanger, No. AP-76,302, 2011 Tex. Crim. App. Lexis 390, at *9-10 (Tex. Crim. App.
March 16, 2011).  But, such evidence is
not required when no reasonable trial strategy is fathomable.  Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App.
2005) (stating that when there is no reasonable trial strategy that can justify
trial conduct, counsel has been ineffective as a matter of law regardless of
whether the record shows the reasons for his conduct).   Such is the case here.       

            Admission of
Laboratory Report

            Appellant argues that his counsel
should have objected to the admission of the laboratory report setting forth that
a trace amount of cocaine was found in a pipe which appellant had in his
possession.  This was the only evidence
proffered by the State and appearing of record that showed the presence of a
controlled substance.  The report was
sponsored by Brandon Conrad, the manager of the Texas Department of Public
Safety laboratory, as a business record. 
However, it had been prepared by Roy Murphy, the previous supervisor of
the crime lab.  Additionally, Conrad did
not perform his own analysis of the material. 
Finally, defense counsel withheld objection to the report when proffered
and admitted into evidence.  

            Before us, appellant argues that the
report was inadmissible given the person through which the State authenticated and
proffered it.  In other words, the
Confrontation Clause appearing in the Sixth Amendment of the United States
Constitution barred the trial court from admitting it under the circumstances
of record.  And, since no other evidence
given the factfinder illustrated that the residue found in the pipe was a
controlled substance, defense counsel’s failure to invoke the Confrontation
Clause harmed appellant.  We agree.

            Out-of-court testimonial evidence
violates the Confrontation Clause unless the declarant
is unavailable to testify and the
defendant had a prior opportunity to cross-examine him.  Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct.
1354, 1374, 158 L.Ed.2d 177 (2004). 
It is clear that such out-of-court testimonial evidence includes reports
of the kind at issue here and offered into evidence via circumstances like
those here.  Melendez-Diaz v. Massachusetts, __ U.S. __, 129 S.Ct.
2527, 2532, 174 L.Ed.2d 314 (2009); Cuadros-Fernandez v.
State, 316 S.W.3d 645, 657-58 (Tex. App.–Dallas 2009, no pet.); Hamilton v. State, 300 S.W.3d 14, 20-21
(Tex. App.–San Antonio 2009, pet. ref’d).  Thus, if defense counsel would have objected
to the report’s admission as violating the Confrontation Clause, the trial
court would have erred in admitting it. 
Indeed, the State concedes as much. 


            Nevertheless, the State contends
that because the record fails to show the reason for defense counsel’s silence,
we are prohibited from concluding that he lacked such a reasonable
strategy.  So too does it offer a
potential strategy that defense counsel could have been pursuing.  It involved the possibility that counsel may
have hoped to induce the jury to find his client guilty of a lesser offense (i.e. possessing drug paraphernalia) because
of the “trace” amount of cocaine present. 
This may be true.  Yet, such a
strategy would require defense counsel to forego uttering an objection
(legitimized by the United States Supreme Court) to the only evidence of record
establishing his client’s guilt for the crime for which he was convicted.  Hopefully, no counsel would choose such a
course of action for it is not reasonable. 
Indeed, if the report were excluded, and given the absence from the
record of all other evidence establishing the presence of a controlled
substance, no rational jury could have convicted appellant for possessing
cocaine.  Moreover, logic and reason
suggest that excluding the only evidence of culpability for the greater offense
would have all but forced the jury to convict appellant of only the lesser
crime, assuming, of course, that defense counsel would have even sought an
instruction on a lesser crime.[1]  These scenarios also illustrate why the
omission by defense counsel harmed appellant. 
Defense counsel’s omission allowed for the admission of the only
evidence supporting appellant’s conviction. 


            We can imagine no reasonable trial
strategy for remaining silent, under the circumstances at bar.  It would be unreasonable to withhold objection
to the only evidence of guilt when that evidence is inadmissible.  And, to do so, is prejudicial. 

            Accordingly, we sustain the point of
error, reverse the judgment and remand the matter to the trial court for a new
trial. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

 

Publish.











[1]The
State also argues that if an objection had been uttered and sustained, Conrad
could have simply reached his own expert opinion, based on the report, about
the nature of the substance discovered in the pipe.  This, of course, assumes that Conrad would
have provided the testimony suggested by the State.  But, we do not know that.  Instead, we only know that he did not.  People have long said that “if a frog had
wings, it wouldn’t bump its butt.”  Such
is true about conjecture; however, what could have occurred does not fill the
void left by what actually did happen.