**AFFIRMED and Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00835-CR

**HENRRY J. ZELAYA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-16-53462-H**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Lang

Henrry J. Zelaya appeals the trial court's final judgment convicting him of indecency with a child. The trial court found Zelaya guilty and assessed his punishment at two years of imprisonment. In one issue on appeal, Zelaya argues he received ineffective assistance of trial counsel. We conclude that Zelaya has not shown he received ineffective assistance of trial counsel. The trial court's final judgment is affirmed.

### I. PROCEDURAL CONTEXT

Zelaya was indicted for indecency of a child. *See* TEX. PENAL CODE ANN. § 21.11 (West Supp. 2017). Before trial, Zelaya waived his right to a jury and pleaded no contest. The case was tried to the bench. After both the State and Zelaya presented their evidence, Zelaya changed his plea to "not guilty." Before hearing argument on the issue of guilt or innocence, the trial court

asked defense counsel if his client wanted a presentence report and defense counsel responded "No." The trial court found Zelaya guilty.

No evidence was presented during the hearing on punishment. The State deferred to the trial court and Zelaya's counsel argued only the following:

> I'd ask for the minimum time on this, Your Honor. He's already served out almost a year and no record. He's been a hard worker here in the United States. He's from Honduras, sixth grade education. I just ask that you give him the absolute minimum.

The trial court assessed Zelaya's punishment at two years of imprisonment, the minimum sentence.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue on appeal, Zelaya argues he received ineffective assistance of trial counsel. He claims that his trial counsel waived and forfeited his right to the preparation of a presentence report. Zelaya contends that this deprived him of the right to present mitigating evidence at his hearing on punishment, which might have led to a sentence of community supervision. The State responds that the record is insufficient to establish whether trial counsel's waiver of the presentence report was deficient conduct or established prejudicial harm.

### A. Applicable Law

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *See* U.S. CONST. amend. VI; *Hinton v. Alabama*, 134 S. Ct. 1081, 1087–88 (2014) (per curiam); *Strickland v. Washington*, 466 U.S. 668, 685–87 (1984); *Ex parte Scott*, No. WR-83,185-07, 2017 WL 4675387, at *4 (Tex. Crim. App. Oct. 18, 2017). To prevail on an ineffective-assistance-of-counsel claim, a defendant applicant must prove that: (1) his counsel's performance was deficient; and (2) he was prejudiced by the deficiency. *See Hinton*, 134 S. Ct. at 1088; *Strickland*, 466 U.S. at 687; *Ex parte Scott*, 2017 WL 4675387, at *4; *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013).

The first part of *Strickland* test is linked to the practice and expectations of the legal community and the proper measure of attorney performance is reasonableness under prevailing professional norms. *See Hinton*, 134 S. Ct. at 1088; *Strickland*, 466 U.S. at 687; *Ex parte Scott*, 2017 WL 4675387, at *4. To defeat the strong presumption of reasonable professional assistance, an appellant must prove by a preponderance of the evidence that counsel's representation was unreasonable according to prevailing professional norms and that any alleged inaction was not sound legal strategy. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Ex parte Scott*, 2017 WL 4675387, at *4; *Andrews v. State*, 159 S.W.3d 98, 102–03 (Tex. Crim. App. 2005).

To satisfy the second part of the test, appellant must show a reasonable probability that, absent counsel's errors, the result of the proceeding would have been different. *See Hinton*, 134 S. Ct. at 1089; *Strickland*, 466 U.S. at 687, 694; *Nava*, 415 S.W.3d at 308. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *See Strickland*, 466 U.S. at 694; *Villa*, 417 S.W.3d at 463; *Nava*, 415 S.W.3d at 308. To prove prejudice in the context of the punishment phase, a defendant must prove that a reasonable probability exists that, but for counsel's deficient conduct, a lesser punishment would have been assessed. *Ex parte Scott*, 2017 WL 4675387, at *5.

In order to establish ineffective assistance of counsel under the Sixth Amendment, a defendant must show both deficient performance and prejudice. *See Strickland*, 466 U.S. at 687. A defendant's failure to satisfy either part of the test defeats the ineffective assistance claim. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). As a result, it is unnecessary to evaluate the performance part of the *Strickland* test in a case where the appellate court concludes that the defendant failed to satisfy the prejudice part of the test. *See Strickland*, 466 U.S. at 687 ("[T]here is no reason for a court deciding

an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing as to one.").

### B. *Application of the Law to the Facts*

Even if we assume that trial counsel's performance fell below an objective standard of reasonableness, Zelaya had to prove by a preponderance of the evidence that his counsel's deficient performance prejudiced him. In his brief, Zelaya generally acknowledges his burden to prove prejudice, arguing "The waiver of [his] right to the preparation of appropriate pre-sentence reports was clearly detrimental to him." Zelaya also claims that "The pre-sentence reports would have provided a clearer picture of [his] criminal and social history. The reports would have provided information about the appropriateness of treatment that would have assured the safety of the community if [he] was given adequate treatment and specialized supervision." However, Zelaya does not point to any objective facts in the record that would probably have led to a less severe punishment, nor does he explain why the punishment would have been different. As a result, Zelaya has failed to meet his burden under the second part of *Strickland*. *See e.g., Wilson v. State*, 05-10-00326-CR, 2011 WL 2860002, at *2 (Tex. App.—Dallas July 20, 2011, pet. ref'd) (not designated for publication) (although he argued counsel's argument was likely to affect jury and punishment assessed, he was clearly prejudiced by counsel's conduct, and there clearly exists reasonable probability sufficient to undermine confidence in outcome, defendant failed to meet burden under second part of *Strickland* because he does not point to any objective facts in record that probably would have led to not-guilty verdict or lesser sentence nor does he explain how or why verdict or punishment would have been different).

Because Zelaya has failed to meet the second part of *Strickland*, we are required to resolve his sole issue against him and do not address the requirements of the first part of *Strickland*. *See* *Strickland*, 466 U.S. at 687.

## III.  CONCLUSION

Zelaya has not shown he received ineffective assistance of trial counsel.

The trial court's final judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
170835F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HENRRY J. ZELAYA, Appellant

No. 05-17-00835-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-16-53462-H.
Opinion delivered by Justice Lang. Justices
Brown and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of February, 2018.